1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10 UNITED SPECIALTY INSURANCE     CASE NO. 15-cv-1395-WQH-BGS
COMPANY,

11                               ORDER

12                   Plaintiff,

     v.

13 JASON DUNN d/b/a/ CLUB
ANITAS; JASON DUNN & THE

14 POMPEII ROOM, INC. D/b/a CLUB
TROPICS; JASON DUNN d/b/a

15 THEE SPOT; THE POMPEII ROOM,
INC.; EFRAN J. ORTEGA; MARCO

16 MONROY; and JAVIER ESCOBAR,

17                 Defendants.

18 HAYES, Judge:

19       The matter before the Court is the Ex Parte Application for Order for Publication

20 of Summons. (ECF No. 8).

21                               **Background**

22       On June 25, 2015, Plaintiff United Speciality Insurance Company initiated this

23 action by filing a Complaint against numerous defendants including Efran J. Ortega and

24 Marco Monroy. (ECF No. 1). On June 25, 2015, summonses were issued. (ECF No.

25 2). On October 9, 2015, Plaintiff filed an Ex Parte Application for Order for

26 Publication of Summons. (ECF No. 8). Plaintiff asserts that it has attempted to serve

27 Defendants Ortega and Monroy numerous times, but has been unable to successfully

28 effectuate personal or substituted service. *Id.* at 2.

**Discussion**

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service by any means permitted by the law of the state in which the case is pending, or the state in which the Defendant resides. *See* Fed. R. Civ. P. 4(e)(1). Under California law, "a summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article." Cal. Civ. Proc. Code § 415.50.

California courts impose a high standard of diligence before approving use of publication and strictly construe the statutory provisions for service by publication. *See Olvera v. Olvera*, 232 Cal. App. 3d 32, 41 (1991) ("When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required."). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 896 P.2d 807, 811 n.5 (Cal. 1995). "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996). Because of due process concerns, service by publication is permissible "*only as a last resort*." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978) (emphasis added).

John E. Peer, Counsel for Plaintiff, submitted an Affidavit in Support of Ex Parte Application for Order for Publication of Summons. (ECF No. 8-1). In the Affidavit, Peer states that "in August, [Peer] spoke with Mr. Clune [Defendant Monroy's attorney] and asked if he would accept service. . . . Mr. Clune indicated that he would let me know if he would accept service on behalf of his clients. [Peer] never heard back from him with respect to acceptance of service." (ECF No. 8-1 at 2). The record shows that on September 4, 2015, Peer's office sent Mr. Levy, Defendant Monroy's other attorney, a letter addressing, among other things, Plaintiff's request that Mr. Levy agree to accept

1  service on behalf of his client, Monroy.  (ECF No. 8-1 at Exhibit B).  The Affidavit

2  states that "[t]he waiver was not returned." (ECF No. 8-1 at 2-3).  The Affidavit further

3  states that "[d]uring a mediation on September 29, 2015 in the underlying action,

4  *Monroy v. Ortega, et al.*, [Peer] hoped to personally serve Mr. Monroy and Mr. Ortega,

5  however, neither appeared."  (ECF No. 8-1 at 3).

6        The Affidavit states that

> [Peer's] office located a last known addresses [sic] for Mr. Monroy from
> the Sheriff's Report and personal service was attempted on October 3,
> 2015.  The address provided on the Sheriff's report, 1120 Escondido
> Blvd., Escondido, California was incorrect.  There is no such street and
> there is no residence located at 1120 South Escondido Blvd.  There is,
> however, an apartment complex located at 1120 North Escondido Blvd.
> We are unaware of Mr. Monroy's apartment number and his name was not
> listed on the directory at the apartment complex.  The Sheriff's report did
> not list a telephone number or apartment number for Mr. Monroy and we
> have therefore been unable to personally serve him.

13  *Id*.

14        The Affidavit states that "[o]n July 20, 2015, a process server attempted to serve

15  Mr. Ortega at his last known address of 14900 Oakvale Road, Escondido, CA 92027."

16  (ECF No. 8-1 at 3). The Affidavit states that the address was "an RV Park and the office

17  was closed."  *Id*.  The Affidavit states that "[o]n September 29, 2015, a representative

18  of Express Network made contact with Mr. Ortega's mother, Carmen, at space E-7 in

19  the RV Park located at 14900 Oakvale Road, Escondido, CA 92027.  Carmen informed

20  the process server that Mr. Ortega had not resided at that residence in over a year and

21  that he did not receive mail at that address." *Id*.

22        The Affidavit states that Peer's office "contacted Mr. Ortega's counsel in

23  underlying action *Monroy v. Ortega, et al.* in August, 2015 and again at the September

24  29, 2015 mediation in the underlying action. [Peer] was informed that Mr. Ortega's

25  counsel have been instructed not to accept service on his behalf and they would not

26  provide [Peer] an address for Mr. Ortega."  *Id*.

27        The Court concludes that Plaintiff has not exhausted the myriad of other avenues

28  by which Plaintiff could discover the location of the Defendants and further attempt

1  service of process. *See Donel*, 87 Cal. App. 3d. at 333 (finding diligence standard was

2  not satisfied when Plaintiff failed to "exhaust the myriad of other avenues"); *see also*

3  *Kott*, 45 Cal. App. 4th at 1137 ("A number of honest attempts to learn defendant's

4  whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his

5  employer, and by investigation of appropriate city and telephone directories, the voters'

6  register, and the real and personal property index in the assessor's office, near the

7  defendant's last known location are generally sufficient. These are likely sources of

8  information, and consequently *must* be searched before resorting to service by

9  publication." (emphasis added)); *In re Matthew S.*, 201 Cal. App. 3d 315, 319 (Ct. App.

10  1988) (finding the reasonable diligence standard satisfied when, among other things,

11  inquiries were made through the Department of Motor Vehicles, voter registration, and

12  appellant's parents). The record shows that Plaintiff has made limited inquiry of

13  relatives as to Ortega's current address. The record further shows that Plaintiff has

14  made no inquiry of relatives or acquaintances as to Monroy's current address. The

15  record indicates that Plaintiff has requested Defendants' attorneys accept service on

16  behalf of Defendants; however, Defendants' attorneys are not obligated to accept

17  service of Summons and Complaint for their clients. The Court finds that Plaintiff has

18  not satisfied the high standard of diligence required for service by publication.

19  **Conclusion**

20  IT IS HEREBY ORDERED that Plaintiff's Ex Parte Application for Order for

21  Publication of Summons is denied.

22  DATED: October 21, 2015

23  **WILLIAM Q. HAYES**
   United States District Judge

24

25

26

27

28