**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED SPECIALTY INSURANCE COMPANY,

Plaintiff,

v.

JASON DUNN d/b/a/ CLUB ANITAS; JASON DUNN & THE POMPEII ROOM, INC. D/b/a CLUB TROPICS; JASON DUNN d/b/a THEE SPOT; THE POMPEII ROOM, INC.; EFRAN J. ORTEGA; MARCO MONROY; and JAVIER ESCOBAR,

Defendants.

CASE NO. 15-cv-1395-WQH-BGS

ORDER

HAYES, Judge:

The matter before the Court is the Motion to Dismiss and/or Strike Plaintiff's Complaint for Failure to State a Cause of Action for Which Relief May Be Granted as to Defendants Jason Dunn d/b/a Club Anitas; Jason Dunn & the Pompeii Room, Inc. d/b/a Club Tropics; and Jason Dunn d/b/a Thee Spot (ECF No. 15) filed by Defendants Jason Dunn d/b/a Club Anitas; Jason Dunn & the Pompeii Room, Inc. d/b/a Club Tropics; Jason Dunn d/b/a Thee Spot; and The Pompeii Room.

**I. Background**

On June 25, 2015, Plaintiff United Speciality Insurance Company ("United Specialty") initiated this action by filing a Complaint. (ECF No. 1). The Complaint asserts claims for rescission and recoupment. On October 30, 2015, Defendants Jason

Dunn d/b/a Club Anitas; Jason Dunn & the Pompeii Room, Inc. d/b/a Club Tropics; Jason Dunn d/b/a Thee Spot; and The Pompeii Room ("Defendants") filed the Motion to Dismiss. (ECF No. 15). On November 23, 2105, Plaintiff filed a response. (ECF No. 18). On November 30, 2015, Defendants filed a reply. (ECF No. 19).

**II. Allegations of the Complaint**

Beginning in May 2012, Defendant Jason Dunn submitted multiple applications seeking insurance from Plaintiff United Speciality Insurance Company. (ECF No. 1 at ¶ 12). "Dunn sought commercial general liability and property insurance for three 'night club' establishments, including the one located at 740 Nordahl Road in San Marcos, California." *Id*. "Under the heading 'Remarks,' the applicant indicated the business at the designated location is 'Jason Dunn & the Pompeii Room Inc., dba Club Tropics.'" *Id*. "United Specialty's Applications asked Dunn the following question: '18. Have any crimes occurred on your premises within the last three (3) years?'" *Id*. at ¶ 13. "On each Application, Dunn answer 'No.'" *Id*. "Further, Dunn at no time indicated—despite being asked—whether emergency services (including police, paramedics and/or fire department) had been called to any of the three locations to be insured within 12 months of the Application." *Id*.

"In reliance on the information provided by Dunn in the Applications United Specialty issued Policy No. USA4019614, effective August 1, 2013 to August 1, 2014. Named insureds include Jason Dunn d/b/a Club Anitas; Jason Dunn & The Pompeii Room, Inc. d/b/a Club Tropics; and Jason Dunn d/b/a Thee Spot." *Id*. at ¶ 14. "Under the commercial general liability coverage part, the Policy provides coverage for liability involving 'bodily injury' or 'property damage' caused by an 'occurrence.' The insurer has 'the right and duty to defend the insured against any 'suit' seeking those damages.'" *Id*. at ¶ 15.

"Based on the representations in the Applications for insurance that no emergency services had been called at any of the properties within the last 12 months, and on the applicant's failure to indicate that crimes had occurred or had been attempted

at the premises in the last three years, United Specialty elected to provide limited coverage for claims involving assault and battery." *Id*. at ¶ 16.

"On or around April 30, 2014, Marco Monroy and Javier Escobar commenced suit against Efran J. Ortega and Club Tropics in the San Diego County Superior Court (Case No. 37-2014-00013410-CU-PO-NC) ('the Underlying Action')" alleging bodily injuries suffered during an assault and battery incident. *Id*. at ¶¶ 8, 10. The complaint in the Underlying Action alleged that Monroy and Escobar were patrons of Club Tropics night club and that Ortega was employed at the Club as a bouncer. *Id*. at ¶¶ 10, 11. The complaint in the Underlying Action alleged that Ortega and other employees caused Monroy and Escobar bodily injury. *Id*. "Based on the allegations in the complaint in the Underlying Action, United Specialty agreed by letter dated October 2, 2014 to provide a defense to Club Tropics and its employee, Efran Ortega, subject to a reservation of rights." *Id*. at ¶ 17.

"During the course of investigating the underlying incident United Specialty determined that defendant Dunn had made material omissions and/or misrepresentations in the Applications for insurance." *Id*. at ¶ 18. United Specialty learned that contrary to defendant's assertion that no crimes had occurred on the premises within the last three years, "there were in fact more than 70 crimes associated with the Club Tropics establishment alone between 2009 and 2012." *Id*. " According to the San Diego Sheriff's Department, 'These cases occurred either inside the club or in the parking lot and were directly related to the operation of the club – not surrounding businesses'" *Id*. "Similarly, United Specialty is informed and believes and on that basis alleges that emergency services had, in fact, been called to one or more of the premises within 12 months of the completed Applications." *Id*.

"Had United Specialty's underwriting department been made aware of these facts – which expressly were asked for in the Applications – it never would have issued the Policy endorsement providing the limited assault and battery liability coverage." *Id*. at ¶ 20. The Applications submitted by Dunn include the following:

> The signing of this application does not bind the Applicant nor any company to complete the insurance, but it is agreed that the information contained herein, and on any additional pages, if any, shall be the basis of the acceptance of a contract. It is therefore the warranty of the undersigned that the information contained herein is true and correct, and it is hereby understood that the policy will be warranted based on this information. It is further understood that any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects the person to criminal and civil penalties.

*Id*. "Knowledge of any crimes attempted or committed at the insured locations – let alone more than 70 at or near a single location and a law enforcement raid at two of the premises to be insured – would have resulted in the Policy not being issued, or at least not being issued with the limited assault and battery coverage." *Id.*

"In light of the rescission, United Specialty has no duty to pay any defense fees associated with the Underlying Action. The Policy is void *ab initio*, so that the policy never existed." *Id*. at ¶ 21. "Nevertheless, so as not to compromise the defense of the Underlying Action, United Specialty has informed the insureds that it will continue to pay defense fees and costs associated with the Underlying Action, subject to a reservation of rights to recoup all defense fees and costs incurred in the Underlying Action upon judicial confirmation of rescission." *Id*. at ¶ 22.

## III. Discussion

### A. Request for Judicial Notice

Defendants request that the Court take judicial notice of four documents. (ECF No. 15-1). The first document is the registrar of actions in the Underlying Action in the San Diego County Superior Court, entitled *Marco Monroy et al. V. Efran J. Ortega et al*. (Case No. 37-2014-00013410-CU-PO-NC), attached as Exhibit A. The second document is the Complaint in the Underlying Action, attached as Exhibit B. The third document is the "Fictitious Business Filing Details" for the business "CLUB TROPICS" (effective 5/17/2012-5/17/2017) (filing number 2012013777) from the

website of the Assessor/Recorder/County Clerk, attached as Exhibit C. The fourth document is the "Fictitious Business Filing Details" for the business "CLUB TROPICS" (effective 8/13/2007-8/13/2012) (filing number 2007028635) from the website of the Assessor/Recorder/County Clerk, attached as Exhibit D.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee*, 250 F.3d at 689 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)). Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted). Plaintiff does not object to or question the authenticity of the documents filed by Defendants therefore the Court will take judicial notice of Defendants' four documents.

**B. Motion to Dismiss**

Defendants contend that United Specialty's second cause of action for recoupment should be dismissed because the Complaint "seeks recoupment from certain defendants who have not been named in the Underlying Action." (ECF No. 15-2 at 2). Defendants contend "that the only defendants in the Underlying actions are 'Efran Ortega' and 'The Pompeii Room Inc; DBA: Club Tropics.'" *Id.* at 4. Defendants contend that "Jason Dunn has never been named in the Underlying Action." *Id.* Defendants contend that the "Pompei Room, Inc., not Jason Dunn, is doing business under the fictitious name 'Club Tropics.'" *Id.* Defendants contend that Defendants

Jason Dunn d/b/a Club Anitas, Jason Dunn & the Pompeii Room, Inc. d/b/a Club Tropics, and Jason Dunn d/b/a Thee Spot should be dismissed. Alternatively, Defendants contend that United Specialty's cause of action for recoupment fails because United Specialty cannot "properly pursue defense fees and costs from Jason Dunn as an individual insured acting within the scope of his employment and/or as an agent of the corporation" because that would "improperly circumvent the corporate protection afford to United Specialty's insured, The Pompeii Room, Inc." *Id*. at 3. Defendants also contend that the Court "can and should, on its own motion, dismiss and/or strike United Specialty's Second Cause of Action against the individual Efran Ortega" because Ortega is "not an individual named insured in the declaration" and therefore "could only be receiving a defense from United Specialty due to his status as an employee of 'The Pompeii Room, Inc'. . . ." *Id*. at 6. Defendants contend that "Plaintiff could only feasibly assert a recoupment claim against Defendant THE POMPEII ROOM, INC." *Id*.

United Specialty contends that "all persons or entities who were defended by United Specialty in the underlying action are necessary parties to the reimbursement cause of action of United Specialty's complaint." (ECF No. 18 at 3). However, United Specialty concedes,

> The underlying complaint was filed against "Club Tropics" "a business entity, form unknown". [Doc. 1-2 at p. 3 of 239, ¶4] The policies were issued to Jason Dunn and The Pompeii Room, Inc., dba Club Tropics. [Doc 1-2 at p. 78 of 239] It was therefore United Specialty's understanding that Club Tropics was a dba of both Jason Dunn and the Pompeii Room, Inc. Based on the documentation provided in support of the Motion to Strike, it appears Club Tropics was only a registered dba of The Pompeii Room, Inc. ("Pompeii Room"). If this is the case, United Specialty concedes that it did not provide a defense to its named insured, Jason Dunn, as an individual, in the underlying action, and agrees that a reimbursement claim is not proper as against that individual. However, the reimbursement action remains proper and necessary as against the Pompeii Room.

*Id*. at 3. United Specialty contends that Efran Ortega was a named defendant in the underlying action, and United Specialty defended him using separate counsel. United

Specialty contends that it appears in Defendants' moving papers that "the Pompeii Room agrees that it actually benefitted from the defense United Specialty separately provided to Mr. Ortega, as it satisfied the Pompeii Room's indemnity obligation." *Id*. United Specialty states that "if that is the case," United Specialty is "amenable to dismissing the second cause of action for reimbursement as against Mr. Ortega in exchange for a binding stipulation or order that if recession of the policy is confirmed in this action, the Pompeii Room will be responsible to reimburse[] all defense costs and settlement monies paid by United Specialty to defend and resolve the underlying action." *Id*. United Specialty contends that "[i]f the Pompeii Room intends to argue that it should not be liable to reimburse United Specialty for the amounts spent separately defending Efran Ortega, then Efran Ortega remains a necessary party to the reimbursement cause of action in United Specialty's complaint." *Id*. at 4.

Defendants do not concede that The Pompeii Room had a duty to indemnify Ortega nor that Ortega was acting within the course and scope of his employment or discharging his duties at the time of the underlying incident. *See* ECF No. 19 at 2. However, Defendants contend that the Court should dismiss Ortega *sua sponte* because "ORTEGA could only have received a defense from Plaintiff in the underlying State court action due to his status as an employee, because he is not a named insured on the Plaintiff's insurance policies." *Id*. at 3.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury of U. S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981). The Court's authority in this regard includes *sua sponte* dismissal of defendants who have not been served and who have not yet appeared. *Id.* "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

Under California law, "[w]hen a policyholder conceals or misrepresents a material fact on an insurance application, the insurer is entitled to rescind the policy." *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 67 Cal. Rptr. 3d 917, 922 (Ct. App. 2007); *see also*, Cal. Ins. Code § 359. "A recession effectively renders the policy totally unenforceable from the outset so that there was never any coverage and no benefits are payable." *Id.* (internal quotation marks omitted); *see also*, *Imperial Cas. & Indem. Co. v. Sogomonian*, 243 Cal. Rptr. 639, 646 (Ct. App. 1988)(where grounds for recession exist and the insurer properly exercises its right to rescind, the insured's contract is extinguished *ab initio*). "The rescission shall apply to all insureds under the contract, including additional insureds, unless the contract provides otherwise." Cal. Ins. Code § 650. The right to reimbursement "runs against the person who benefits from 'unjust enrichment' and in favor of the person who suffers loss thereby." *Buss v. Superior Court*, 939 P.2d 766, 776 (Cal. 1997).

Plaintiff concedes that if that "[b]ased on the documentation provided in support of the Motion to Strike, it appears Club Tropics was only a registered dba of The Pompeii Room, Inc." (ECF No. 18 at 3). Plaintiff concedes that "[i]f that is the case, United Specialty concedes that it did not provide a defense to its named insured, Jason Dunn, as an individual, in the underlying action, and agrees that a reimbursement claim is not proper as against that individual." The record confirms that Club Tropics was only a registered dba of The Pompeii Room, Inc. *See* ECF No. 15-1 at 20, 22. The

Court concludes that Defendants Jason Dunn d/b/a Club Anitas, Jason Dunn & the Pompeii Room, Inc. d/b/a Club Tropics, and Jason Dunn d/b/a Thee Spot should be dismissed. *See* ECF No. 18 at 3-4. The Court denies Defendants' request to *sua sponte* dismiss Defendant Ortega. *See LA Sound*, 67 Cal. Rptr. 3d at 926 (finding that Defendants who were not the "named insured" were "liable for reimbursement because they individually benefitted from the defense [the insurance company] provided").

**IV. Conclusion**

IT IS HEREBY ORDERED that Defendants motion to dismiss is granted in part and denied in part. Defendants Jason Dunn d/b/a Club Anitas, Jason Dunn & the Pompeii Room, Inc. d/b/a Club Tropics, and Jason Dunn d/b/a Thee Spot are dismissed with prejudice. Defendant Efran J. Ortega is not dismissed.

DATED: February 4, 2016

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge